UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                    :
UNITED STATES OF AMERICA,          :       20 Cr. 133 (JSR)
                                                    :
              -v-                                :
                                                    :
FREDERICK SCHEININ,                  :
                                                    :
              Defendant.                    :
                                                    :
------------------------------------------------------X

# FREDERICK SCHEININ'S PROPOSED VOIR DIRE OF PROSPECTIVE JURORS

**DAVID E. PATTON, ESQ.**
Federal Defenders of New York, Inc.
Attorney for Defendant
**FREDERICK SCHEININ**
52 Duane Street, 10th Floor
New York, NY 10007
(212) 417-8700

Of Counsel:

**Tamara Giwa, Esq.**
**Sylvie Levine, Esq.**
Assistant Federal Defenders
(917) 890-9729

TO:   **AUDREY STRAUSS, ESQ.**
       United States Attorney
       Southern District of New York
       One St. Andrew's Plaza
       New York, NY 10007

       Attn:  **Nicholas Chiuchiolo, Esq.**
              **Daniel Nessim, Esq.**
              Assistant United States Attorneys
              Southern District of New York

Mr. Scheinin joins in the government's proposed examination of prospective jurors and, where indicated below, proposes additional questions. Mr. Scheinin also proposes examination in three areas not identified by the government: (1) Presumption of Innocence, (2) Burden of Proof, and (3) Defendant Not Testifying. Mr. Scheinin also joins in the government's request that the Court pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate, concluding in such instance with an inquiry as to whether the juror is certain that a particular fact or circumstance would not influence the juror in favor of or against the government or the defendant. In the alternative, Mr. Scheinin asks that counsel be permitted to conduct the individual voir dire.

"Voir dire plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored. Without an adequate voir dire the trial judge's responsibility to remove prospective jurors who will not be able impartially to follow the court's instructions and evaluate the evidence cannot be fulfilled. See Connors v. United States, 158 U.S. 408, 413 (1895). Similarly, lack of adequate voir dire impairs the defendant's right to exercise peremptory challenges where provided by statute or rule, as it is in the federal courts." Rosales-Lopez v. United States, 451 U.S. 182, 188 (1981).

The proposed voir dire submitted below is essential to ensure that any bias, actual or inferred, is exposed and considered in terms of whether the prospective juror can judge the case fairly and impartially. Where a juror expresses a thought or opinion that suggests partiality towards either side, or a reluctance to serve, Mr.

Scheinin requests that appropriate follow-up be conducted, at sidebar if necessary. To ensure a fair trial, voir dire cannot be conducted without adequate exploration of the prospective juror's willingness and ability to put feelings and/or prejudices aside, and to impartially apply the law to the facts. Sometimes this necessitates removing the juror from the venire and speaking privately, so that a person's true feelings can be expressed without fear or embarrassment.

"Our court has held that actual bias cannot be found unless a prospective juror is adequately questioned on voir dire with respect to his or her ability to apply the law impartially. See Haynes, 398 F.2d at 984; see also United States v. Barnes, 604 F.2d 121, 137 (2d Cir.1979) ("[A]t least some questioning [is required] with respect to any material issue that may arise, actually or potentially, in the trial...."). United States v. Torres, 128 F.3d 38, 44 (2d Cir. 1997).

For these reasons, Mr. Scheinin submits the following questions that pertain to material issues that may arise at this trial, and to the jurors' ability to apply the law impartially.

## **MR. SCHEININ'S ADDITIONAL PROPOSED VOIR DIRE QUESTIONS**

**Nature of the Charges**

1. Mr. Scheinin is charged with attempting to receive and produce child pornography. He is also charged with attempting to coerce and entice a minor. I remind you that Mr. Scheinin is presumed innocent, and the fact that he has been charged is not evidence of any wrongdoing on his part. Nevertheless, does any juror have any feelings regarding these charges that would affect their ability to be fair and impartial in deciding this case?

2. Based on the charges in this case, does any juror have a general feeling of prejudice or bias or any emotional feeling at all which would impair their judgment in this case?

3. You will hear testimony in this trial about sex and specific sex acts. You will also hear testimony about casual sex.
    a. Is any juror uncomfortable with the prospect of hearing such evidence, and feel that the nature of this evidence would make it difficult to judge the evidence fairly and impartially and render a verdict based solely on the evidence?

4. You are going to see photographs of genitalia, ejaculate, and other sexually explicit photographs [IF APPLICABLE].
    a. Is any juror uncomfortable with the prospect of hearing such evidence, and feel that the nature of this evidence would make it difficult to

3

      judge the evidence fairly and impartially and render a verdict based solely on the evidence?

5. You may hear testimony during this trial about non-conventional sexual practices.

   a. Is any juror uncomfortable with the prospect of hearing such evidence, and feel that the nature of this evidence would make it difficult to judge the evidence fairly and impartially and render a verdict based solely on the evidence?

   b. Does any juror believe that someone who engages in non-conventional practices is predisposed to molest children?

   c. Does any juror have any preconceived notions about people who engage in non-conventional sexual practices? If so, what are they?  Would those notions impair your judgment in this case?

6. You may hear testimony during this trial about homosexual, transgender, or non-binary identities and practices.

   a. Is any juror uncomfortable with the prospect of hearing such evidence, and feel that the nature of this evidence would make it difficult to judge the evidence fairly and impartially and render a verdict based solely on the evidence?

   b. Does any juror have beliefs about homosexual, transgender, or non-binary people that would make it difficult to judge the evidence fairly and impartially and render a verdict based solely on the evidence?

4

7. You may hear testimony during this trial about the use of dating apps for sexual purposes, including Grindr and Snapchat.

    a. Does any juror have beliefs about the use of dating apps for sexual purposes that would make it difficult to judge the evidence fairly and impartially and render a verdict based solely on the evidence?

**Views on Certain Witnesses, Investigative Techniques, and Evidence**

1. Would any juror attach greater weight to the testimony of a witness just because that witness was offered by the government?

**Knowledge of Parties, Attorneys, Witnesses**

1. Frederick Scheinin is represented at trial by his attorneys, Tamara Giwa and Sylvie Levine, Assistant Federal Defenders at the Federal Defenders of New York. They will be assisted by Juliet Vicari, a senior paralegal in the Federal Defender's office.

**Relationship with the Government**

1. Does any juror know, or have any association – professional, business, or social, direct or indirect – with a member of the staff of the Drug Enforcement Administration?

2. You may hear testimony about the National Center for Missing and Exploited Children. Does anyone have an affiliation with this organization?

**Prior Jury Service** (no additional questions)

**Experience as a Witness, Defendant, or Crime Victim** (no additional questions)

5

**Trial Administration**

1. Do you have any physical or medical condition that makes you particularly vulnerable to severe illness as a result of COVID-19?

2. Have you received any of the available vaccines for COVID-19?

3. Are you particularly afraid of or worried about contracting COVID-19 while serving as a juror?

4. Are your fears or anxieties regarding COVID-19 likely to distract you from giving your full attention to this case at all times you are present in court?

5. Are your fears or anxieties regarding COVID-19 likely to make you rush through deliberations at the end of the case so as to reduce the time you spend in a room with your fellow jurors?

6. Unless speaking, everyone in the courtroom, including Mr. Scheinin, will be required to wear a mask at all times. Additionally, everyone is required to stay at least 6 feet apart at all times. Do you believe that either of these requirements will create a distraction for you that would interfere with your ability to focus on the evidence presented or the instructions I will give you during the trial? Will the fact that you may never see Mr. Scheinin's face affect your ability to impartially judge him and decide the facts of this case?

**Function of the Court and Jury**

1. Will any juror have any problem or hesitation following my instructions to respect the views and opinions of your fellow jurors?

6

2. Will any juror have any problem or hesitation discussing the case and deliberating in a respectful manner with your fellow jurors, even if you disagree with their opinions?

3. Will any juror have any hesitation in rendering a verdict of not guilty with respect to the defendant if his guilt is not established beyond a reasonable doubt? Do you understand that if the government does not prove Mr. Scheinin guilty beyond a reasonable doubt that you must find him not guilty?

**General Questions for the Panel**

1. Do you have any physical or medical condition (such as hearing or eyesight impairment, back problem or medication you are taking) that affect your memory or concentration, would make it unusually difficult for you to serve, or that requires special consideration or accommodation in court?

**Individual Juror's Background** (no additional questions)

**Presumption of Innocence**

1. Does any juror have difficulty following the law that Mr. Scheinin is presumed innocent?

2. Does any juror have difficulty following the law that Mr. Scheinin is to be presumed innocent not only at the outset but that he remains innocent all throughout the trial and even into jury deliberations unless the government proves him guilty beyond a reasonable doubt?

3. Does anyone feel that just because Mr. Scheinin has been arrested, indicted, and sitting here as a defendant in court, he must have done something wrong? Why or why not?

4. Do you accept the fact that police can make mistakes and arrest innocent people? Why or why not?

5. Does any juror have difficulty with the law that the indictment against Mr. Scheinin is not evidence of anything?

6. Does anyone have an opinion as to Mr. Scheinin's guilt or innocence at this moment?

7. Does any juror feel uncomfortable following the Court's instruction that Mr. Scheinin does not have to prove himself innocent?

**Burden of Proof**

1. Does any juror feel that they would have difficulty following the law that the government has the burden of proof?

2. Does any juror feel that a person accused of a crime should be required to prove they are not guilty?

**Defendant Not Testifying**

1. As a defendant in a criminal case, Mr. Scheinin does not have any obligation to testify because it is the government's burden to prove guilt beyond a reasonable doubt. If Mr. Scheinin does not testify, you are not permitted to draw any negative inference from that fact about his guilt or innocence. Does anyone disagree with this principle of law? If not, why not?

8

2. Does anyone believe that they would hold it against Mr. Scheinin if he does not testify?

3. Does anyone believe that they would infer that Mr. Scheinin is guilty if he does not testify?

**Concluding Questions**

1. After seeing Mr. Scheinin in court, have you developed any opinions or feelings about him or about serving as a juror in this case?

2. Beginning right now, through the end of your service on this case, I will instruct you to avoid all media coverage, and not to go on the internet with regard to this case for any purpose. That is, you will be forbidden from reading newspaper articles about this case, "googling" this case or from blogging/tweeting about it or posting comments on any social media site, etc. Do you have any reservations or concerns about your ability or willingness to follow this instruction?

3. Do you know any of your fellow prospective jurors?

4. Do you have any personal reason for wanting to serve as a juror in this case, or any personal interest in the outcome of this case?

5. If you are selected to serve as a juror in this case, would you be concerned about reactions to your verdict by friends or family or any other individual?

6. Is there anything about the nature of the charges or the facts of the case as they have been explained to you thus far that creates a question in your mind

9

as to whether you would be a completely objective and impartial juror in this particular case?

7. Do you believe there may be information about you, family members, or people close to you that would be relevant to your service as a juror in this case that you have not shared with the Court?

8. Is there anything additional you wish to discuss privately with the judge?

Dated:   June 11, 2021
         New York, NY

Respectfully submitted,

Tamara Giwa, Esq.
Sylvie Levine, Esq.
Assistant Federal Defenders

Counsel for Frederick Scheinin

10