**Federal Defenders**
OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Southern District

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

July 16, 2021

**VIA ECF**
Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:   United States v. Frederick Scheinin**
         **20 Cr. 133 (JSR)**

Dear Judge Rakoff,

Less than 24 hours after he was remanded to the custody of the U.S. Marshals on June 22, 2021, Frederick Scheinin – an able-bodied 34 year old man – was dead. He died in custody at MDC Brooklyn. The cause of Mr. Scheinin's death remains unknown. Answers are required.[1]

The Court noted in our last phone conference that it was willing to hear if defense counsel had information that contradicted that which was initially offered to the Court by the BOP. We now do, as set forth in the attached affidavit. As detailed therein, there are conflicting accounts of the circumstances surrounding Mr. Scheinin's death. Specifically, the timeline regarding Mr. Scheinin's death is inconsistent and demands for medical attention in the SHU – including by Mr. Scheinin – went unheeded the entire night leading up to his death.



---

[1] The BOP informed the U.S. Attorney's Office (USAO) that it would produce a report on Mr. Scheinin's death that would be available in approximately mid-July. The Court asked that it be provided with a copy and encouraged the USAO to provide it to defense counsel, absent a reason not to.

███    Thus, that the BOP failed to keep Mr. Scheinin for one full day in custody is deserving of additional inquiry.

Therefore, we request that the Court conduct, in the first instance, an <u>in camera</u> inquiry into the existing records, logs, and evidence surrounding Mr. Scheinin's death. Specifically, we request that the Court order for production and inspection the following:

(1) Mr. Scheinin's complete BOP medical records, including intake records, and mental health/psychological/psychiatric records;

(2) all incident reports and/or facility reports and/or any other documentation regarding Mr. Scheinin's death;

(3) logs of employee rounds conducted in the unit where Mr. Scheinin died for the 6 hours preceding his death; and

(4) copies of any and all video recordings of Mr. Scheinin in his cell at the MDC, as well as the hallway outside his cell for the 6 hours preceding and 1 hour following his death.[2]

Upon conducting a review of those records, we ask the Court to Order any further evidence, testimony, or inquiry that Your Honor believes is warranted to determine whether the BOP's account to the Court was accurate and to evaluate how BOP failed to keep Mr. Scheinin, who was remanded to its care and custody, safe, for even 24 hours.

Respectfully submitted,

/s/
Tamara Giwa
Sylvie Levine
Counsel for Mr. Scheinin

---

[2] We requested some of this documentation from the BOP directly and demanded that they preserve the same. MDC Brooklyn's legal department informed us that a Freedom of Information Act request was required and preservation steps would be taken "to the extent possible."