**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

July 26, 2021

**VIA ECF**
Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:   United States v. Frederick Scheinin**
      **20 Cr. 133 (JSR)**

Dear Judge Rakoff,

     As the Court is aware, our client, Frederick Sheinin died less than 24 hours after being remanded to the custody of the U.S. Marshals and being incarcerated at MDC Brooklyn. On July 16, 2021, undersigned counsel asked the Court to conduct an in camera inquiry into the existing records, logs, and evidence surrounding Mr. Scheinin's death. Dkt. No. 58. On July 22, 2021, the government submitted a letter from the Bureau of Prisons opposing our request. Dkt. No. 59. Notably, in that submission, the U.S. Attorney's Office did not take a position. See id. In reply, for the reasons detailed in our initial application and as detailed below, we urge the Court to conduct the requested inquiry.

     The BOP principally opposes our motion on the grounds that it (i.e. the BOP itself) is in the midst of conducting its own inquiry and anticipates that its yet-to-be-completed report will be "responsive to Your Honor's concerns." Id. But as the same body that was responsible for safeguarding Mr. Scheinin's well-being, the BOP cannot also be the sole investigator of its failure to do so. As a principal actor in this tragedy, it cannot possibly be an unbiased investigator. The BOP's insistence that it, alone, consider its own actions in this case undermines the role of the Court (and, should it choose, the U.S. Attorney's Office). The notorious case of Jeffrey Epstein illustrates this point: after the U.S. Attorney's Office and the Attorney General of the United States investigated his death in BOP custody at MCC New York, a grand jury sitting in this district authorized the filing of an indictment against two BOP officers who "fail[ed] to perform their duties" and "repeatedly signed false certifications attesting to have conducted multiple counts of inmates when, in truth and in fact, they never conducted such counts." See United States v. Noel et. al., 19 Cr. 830, Dkt. No. 1 (S.D.N.Y. Nov. 19, 2019). Without such third-party oversight, the truth may never have come to light.

1

Here, a third party inquiry is required. Thus, the Court should embark on its own evaluation and form its own judgments regarding the BOP's failure to keep Mr. Scheinin safe for even one day. Indeed, the Court permitted undersigned counsel to make its request precisely because we have <u>already</u> identified inconsistencies and failures in the BOP's actions in the hours leading up to, and regarding, Mr. Scheinin's death. As detailed in our original submission, we have discovered that the BOP has provided inconsistent accounts of the timing of the final checks on Mr. Scheinin and the discovery of his body, and we have heard from a number of witnesses that the BOP failed to provide medical attention to any of the people on Mr. Scheinin's tier in SHU that night (including Mr. Scheinin), despite repeated requests.

Moreover, the BOP did not specify at all how its future "mortality review" will be responsive to counsel or the Court's inquiry. For example, will it include Mr. Scheinin's medical records? Will it explain why the BOP did not consult its own records regarding Mr. Scheinin's previous incarceration? Will it include video footage of the SHU tier? Will it address the temporal inconsistencies reported? The letter from the BOP offers the Court no factual basis to conclude that the Court's concerns will, in fact, be addressed. Without any information, the Court can have no confidence that the BOP's report will be sufficient.

Counsel has demonstrated that there are significant questions that must be answered. The BOP's request to do so in a vacuum, without the Court's oversight or expertise, should be rejected.

Respectfully submitted,

/s/
Tamara Giwa
Sylvie Levine
Counsel for Mr. Scheinin